J. Dale Dilworth v. Commissioner.
Dilworth v. Commissioner
Docket No. 4130.
United States Tax Court
1945 Tax Ct. Memo LEXIS 100; 4 T.C.M. (CCH) 836; T.C.M. (RIA) 45271; August 14, 1945
Richard F. Barrett, Esq., 2 Wall St., New York, N. Y., for the petitioner. Francis X. Gallagher, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency in the petitioner's income tax for the calendar year 1938 in the amount of $3,519.46 and one for the year 1939 in the amount of $16,834.84. The petitioner contends that the Commissioner erred in his determination in failing to allow a deduction of $1,800.60 paid by the petitioner to his daughter for secretarial services in each year *101 and in failing to allow a deduction of $101.44 claimed to have been paid in 1939 for stationery, supplies, and certain other incidentals. The only other matter in dispute between the parties is the fair market value of shares of preferred stock of Gibraltar Corrugated Paper Co., Inc., at the time they were received by the petitioner on February 1, 1932. Certain other adjustments made by the respondent are not contested. The parties have filed a stipulation of facts with relation to the issue of the fair market value of the stock. [The Facts] The petitioner is an individual. He resides in Salem, New Jersey, and filed his income tax returns for the years here in question with the collector of internal revenue for the first district of New Jersey. The returns were filed on the basis of cash receipts and disbursements. The petitioner received 395 shares of preferred stock of Gibraltar Corrugated Paper Co., Inc. on February 1, 1932. Those shares were retired at $100 per share on July 31, 1939, at which time the petitioner received $39,500.00 for, the shares. He reported a long-term capital gain on this transaction of $233.50 by taking as his basis the original cost of his investment, *102 less a small amount of cash which he had subsequently received. The Commissioner, in determining the deficiency for 1939, held that the petitioner's basis for gain on these shares was $48.23 per share and after making an adjustment which is not in dispute, he computed a gain of $21,259.83 upon the retirement in 1939. The parties are agreed that the only issue in connection with this transaction is the value of the stock at the time it was issued to the petitioner on February 1, 1932. It is hereby found as a fact that the value of the stock at that time was $100 per share. The petitioner invested about $40,000.00 in 1927 in stock of a company known as the Gibraltar Corrugated Paper Co., Inc. The company after operating successfully for a number of years was merged with another company in 1930. The new company did not operate the properties successfully and the stockholders of Gibraltar became dissatisfied with the way the merger had been put through. The Gibraltar properties were returned to the Gibraltar stockholders early in 1932 and a new company by the same name was formed to take over this business. The petitioner did not report any loss at that time although the parties now *103 agree that that was a taxable transaction. We have concluded, after carefully considering all of the evidence in the case, that the preponderance of that evidence supports the petitioner's contention and have held that the preferred stock of the new company was worth par at the time it was received by the petitioner. The parties are not in disagreement about certain minor adjustments that must be made in the computation of the correct profit. The deductions for salary paid to the petitioner's daughter and for the incidental expenses in 1939 were disallowed by the Commissioner for lack of substantiating information. The record shows that the petitioner paid his daughter $1,800.00 a year during the years here in question. Neither the petitioner nor his daughter testified in the proceeding. The only evidence on the subject comes from an accountant who testified that the daughter kept records for the petitioner and had something to do with making out his income tax returns. We do not know how much time she spent or what her services were reasonably worth. We cannot find that the amount paid to her was an ordinary and necessary expense within the meaning of section 23 (a) (2), Internal Revenue Code *104 , as amended by section 121 of the Revenue Act of 1942. The evidence in the record is not sufficient to enable the Court to hold that the Commissioner erred in disallowing deductions for the salary and incidental expenses for these years. Decision will be entered under Rule 50.